WILLETT v. DEVOY, County Clerk.

(Supreme Court, Appellate Division, Second Department.   July 31, 1914.)

1. CLERKS OF COURTS (§ 24*)—DUTIES OF—COSTS.
    Code Cr. Proc. § 532, declares that when an appeal is taken from a
    conviction by the Supreme Court to the Appellate Division, the clerk
    with whom the notice is filed must, within 10 days, without charge, trans-
    mit a copy of the notice of appeal and the judgment roll to the clerk of
    the department where the appeal is to be heard.   Section 485 specifies
    the papers constituting the judgment roll.   Sections 456 and 458 pro-
    vide that on conviction of a crime not punishable by death, the clerk of
    the court in which the conviction was had shall, after notice of appeal,
    notify the stenographer, whereupon he shall deliver to the clerk a copy
    of the minutes of the entire trial, which copy shall be included in the
    judgment roll, and that when accused appeals from a conviction after
    trial of an issue of fact, the appeal shall be heard on the judgment roll,
    including a copy of the minutes of the trial.   Held that in view of Pub-
    lic Officers Law (Laws 1909, c. 51 [Consol. Laws, c. 47]) § 67, declaring
    that each public officer upon whom a duty is expressly imposed must
    execute it without reward, unless a fee is allowed, and Judiciary Law
    (Laws 1909, c. 35 [Consol. Laws, c. 30]) § 252, providing that each clerk
    of a court must perform all duties required without fee, except as pre-
    scribed, the county clerk of a court from which accused appealed to the
    Appellate Division must transmit to the clerk of the Appellate Division a
    certified copy of the notice of appeal, judgment roll, and transcript of
    the stenographer's minutes, without fee.
       .[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 55;  Dec.
    Dig. § 24.*]

2. OFFICERS (§ 94*)—PUBLIC OFFICERS—FEES.
    One who accepts an office to which no compensation is attached is pre-
    sumed to serve gratuitously, and cannot recover anything on the ground
    of an implied contract.
       [Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 132, 133,. 136–
    138, 140, 141;  Dec. Dig. § 94.*]

Appeal from Special Term, Kings County.

Application of William Willett for writ of mandamus against
Charles S. Devoy, clerk for the County of Kings.   From an order
denying a motion for peremptory writ, relator appeals.   Order re-
versed and writ issued.

Argued before BURR, THOMAS, CARR, RICH, and STAPLE-
TON, JJ.

Otho S. Bowling, of New York City, for appellant.
Hugo Hirsh, of Brooklyn, for respondent.


BURR, J.   Two questions are presented upon this appeal:  First,
was it the duty of the county clerk of Kings county to transmit to
the clerk of the Appellate Division of the Supreme Court a certified
copy of the notice of appeal, judgment roll, and a transcript of the
stenographer's minutes of the proceedings upon the trial in the Crim-
inal Term of the said Supreme Court of the action of People v. Wil-
lett; and, second, is he entitled to charge a fee for his services in
connection therewith?

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] Where an appeal is taken from a judgment of conviction obtained at a Criminal Term of the Supreme Court to the Appellate Division thereof, the statute requires that:

"Upon the appeal being taken, the clerk, with whom the notice of appeal is filed, must, within ten days thereafter, without charge, transmit a copy of the notice of appeal and of the judgment roll, as follows: 1. If the appeal be to the Appellate Division of the Supreme Court, to the clerk of the department where the appeal is to be heard." Code of Criminal Procedure, § 532.

When a notice of appeal has been served, the papers which constitute the judgment roll are as follows:

"1. A copy of the minutes of a challenge interposed by the defendant to a grand juror, and the proceedings and decision thereon.

"2. The indictment and a copy of the minutes of the plea or demurrer.

"3. A copy of the minutes of a challenge, which may have been interposed to the panel of the trial jury, or to a juror who participated in the verdict, and the proceedings and decision thereon.

"4. A copy of the minutes of the trial.

"5. A copy of the minutes of the judgment.

"6. A copy of the minutes of any proceedings upon a motion either for a new trial or in arrest of judgment.

"7. The case, if there is one." Code of Criminal Procedure, § 485.

This section must be read in connection with sections 456 and 458 of the Code of Criminal Procedure, which, so far as here material, are as follows:

"Where the defendant is convicted of a crime not punishable by death the clerk of the court in which the conviction was had shall within two days after a notice of appeal shall be served upon him notify the stenographer that an appeal has been taken whereupon the stenographer shall within ten days after receiving such notice deliver to the clerk of the court a copy of the stenographic minutes of the entire proceedings of the trial certified by the stenographer as an accurate transcript of such proceeding. Such copy shall be filed by the clerk in his office and shall constitute the minutes of the court of the trial and be included in the judgment roll as provided by section four hundred and eighty-five of this act." Code of Criminal Procedure, § 456.

And:

"When the defendant intends to appeal from a judgment entered after a trial of an issue of fact where he is convicted of a crime not punishable by death it shall not be necessary to make a case or bill of exceptions as prescribed in this section but the appeal shall be heard upon the judgment roll including the copy of the minutes of the trial filed as prescribed by section four hundred and fifty-six of the Code of Criminal Procedure. Within thirty days after the service of a notice of appeal the appellant shall procure to be printed as required by the general rules of practice the record upon which the appeal is to be heard and cause the same to be filed with the clerk of the appellate division of the Supreme Court in which the appeal is to be heard duly certified by the clerk of the court in which the conviction was had." Id. § 458.

We conclude, therefore, that under the statute as now amended and in force it was the duty of the county clerk, within 10 days after a notice of appeal was filed in the case above referred to, to transmit to the clerk of the Appellate Division a copy of the notice of appeal and of the judgment roll, including therein a copy of the minutes of the trial delivered to him by the stenographer and certified by such

stenographer to be an accurate transcript of the proceeding, and that it was the duty of the appellant within 30 days after such notice of appeal is filed to procure to be printed the record upon which the appeal is to be heard, and to file a copy duly certified by the county clerk (the clerk of the court in which the conviction was had) with the clerk of this court. In this case, although a copy of the stenographic minutes of the entire proceedings in the Criminal Court, duly certified by the stenographer, was delivered to the county clerk and annexed to and made part of the judgment roll, he did not transmit a copy thereof to the clerk of this court. Subsequently, appellant submitted to him a printed copy of such record, admitted to be a correct copy thereof, and requested that he certify the same and transmit it to the clerk of this Appellate Division. The relator refused to do this unless paid fees at the rate of one cent per folio for such copy. It was clearly the duty of the county clerk to transmit such copy, and of necessity he must certify as to its correctness before it could be accepted and filed as required. The statute requires him to do this "without charge." His demand for a fee for such service was unjustified.

In addition, we may call attention to the rule that:

"A person who accepts an office to which no compensation is attached is presumed to undertake to serve gratuitously, and he cannot recover anything upon the ground of an implied contract to pay what the service is worth." Mechem on Public Officers, §§ 855, 856; Throop on Public Officers, §§ 446, 447; Public Officers Law, Consolidated Laws, c. 47 (Laws of 1909, c. 51), § 67; Judiciary Law, Consolidated Laws, c. 30 (Laws of 1909, c. 35), § 252.

Our attention has not been called to any statute authorizing the county clerk to charge a fee for such services in a criminal case.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a peremptory writ of mandamus should be granted, with $25 costs. All concur.