### WILLETT v. DEVOY, County Clerk.

(Supreme Court, Appellate Division, Second Department. November 19, 1915.)

EXTORTION ⬉⟝11—TREBLE DAMAGES.

    In a proceeding under Public Officers Law (Consol. Laws, c. 47) § 67, to recover from the clerk of Kings county treble damages for charging unwarranted fees for certifying the stenographic minutes of a trial, it is no defense that the clerk acted in good faith and was, under Laws 1901, c. 704, §§ 1, 3, a salaried officer.

    [Ed. Note.—For other cases, see Extortion, Cent. Dig. § 11; Dec. Dig. ⬉⟝11.]

Appeal from Appellate Term, Second Department.

Action by William Willett, Jr., against Charles S. Devoy, individually and as Clerk of the County of Kings. From an order of the Appellate Term (90 Misc. Rep. 400, 153 N. Y. Supp. 616), affirming judgment of the Municipal Court for plaintiff for treble damages, under Public Officers Law, § 67, defendant appeals by permission. Affirmed.

See, also, 154 N. Y. Supp. 1150.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

Benjamin Reass, of Brooklyn (Hugo Hirsh and Emanuel Newman, both of Brooklyn, on the brief), for appellant.

Otho S. Bowling, of New York City, for respondent.

PUTNAM, J. When plaintiff presented for certification the stenographic minutes of the trial of People v. Willett to the clerk of Kings county, defendant as such clerk demanded $33.27 therefor, at the rate of a cent per folio, under the supposed authority of Code Civ. Proc. § 3301. After the court at Special Term had sustained this

⬉⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

charge by an order denying plaintiff's application for a mandamus, plaintiff paid same under protest. Upon appeal to this court from said order, plaintiff was held entitled to have the minutes certified without charge. Matter of, Willett v. Devoy, 163 App. Div. 553, 148 N. Y. Supp. 1002.

The office of county clerk of Kings county having been a salaried office since 1902, defendant paid over this fee to the city of New York, as required by Laws of 1901, c. 704, §§ 1, 3. Obviously the county clerk acted in good faith, especially as his action was then justified by a court decision.

Plaintiff's recovery for treble the sum paid has been twice sustained. It is now urged that the provisions against extortion in the Public Officers Law are aimed at, and should only be applied to, officials who themselves take the fees, and are not designed for salaried officials who pay over the sums collected to county or municipal officials. The importance of this question has caused permission to be given for the appeal to be heard here.

Such penalties against extortion are ancient. 2 Inst. 150; Neale & Rouse's Case, 13 Co. Rep. 24, 26, where extortion was said to be "a great affliction, and impoverishing the poor subjects." No distinction is made on the ground that the official keeps the fee himself. The impoverishment for suitors is not lessened by the fact that the exaction has been paid into the municipal treasury. Treble damages are not altogether to punish misfeasance in office, but because such exactions, being often petty in amount, might otherwise be submitted to. A penalty is added in order to induce the person aggrieved to take steps for ascertainment and correction of overcharges. Putting an office on a salary basis does not altogether remove the official tendency to give the office the benefit of the doubt, so as perhaps to increase official revenues and thereby show grounds for a growing salary list and more office expenditures, making for increased efficiency.

The Legislature having maintained an ancient safeguard designed to restrain public officials generally from overcharges, it is not for the courts, even in cases of entire good faith, to exempt from its provisions the important and increasing class of salaried officials, whose exactions may also become oppressive. Such a judge-made restriction on a general statute might bring about uncertainty, confusion, and possibly great injustice.

The order of the Appellate Term, affirming the judgment of the Municipal Court in favor of plaintiff, is therefore affirmed, with costs. All concur.