Vincent A. Lupiano, J.
This is a motion for an order pursuant to article 78 of the Civil Practice Act vacating and setting aside an order and directive of Joseph Schechter, Personnel Director, denying certain holiday benefits to the employees of the City of New York, and to the petitioners herein; vacating and setting aside an order and directive of the Department of Hospitals denying certain holiday benefits to the employees of the Department of Hospitals of the City of New York and to the petitioners herein; restraining the Personnel Director and the Commissioner of Hospitals from continuing to act on the said orders and directives aforesaid, and requiring the said Personnel Director and Commissioner of Hospitals to observe and comply with the resolutions, rules and regulations of the City of New York, pertaining to the enjoinment of holiday benefits by the employees of the City of New York, the employees of the Department of Hospitals and to the petitioners herein, requiring the Comptroller to honor and pay holiday pay wages properly due and owed.
It appears, from the petition made by Alma C. Osborne, that she, the other petitioners, and others similarly situated, are employees of the Department of Hospitals; that petitioners are employed under and covered by the Career and Salary Plan of the City of New York.
On June 15,1956, effective July 1,1956, the Board of Estimate of the City of New York adopted a resolution approving 11 Leave Regulations for Employees who are under the Career and Salary Plan ’ ’. The resolution, in part, provides as follows:
“ 6. MISCELLANEOUS PROVISIONS
The regular holidays with pay shall be:
New Year’s Day Independence Day
Lincoln’s Birthday Labor Day
Washington’s Birthday Columbus Day
Decoration Day Election Day
Veteran’s Day
Thanksgiving Day
Christmas Day
The Manual of Personnel Policies of the Department of Hospitals (also pertinent hereto), in part, reads as follows:
“ XI. HOLIDAYS.
Paragraph 59 — Employees shall be granted leave with pay, not chargeable, on the following legal holidays or a day in lieu thereof:
*252 New Year’s Day Independence Day
Lincoln’s Birthday Labor Day
Washington’s Birthday Columbus Day
Decoration Day Election Day
Veteran’s Day
Thanksgiving Day
Christmas Day # * *
Paragraph 61 — If an employee’s day off falls on a legal holiday the employee shall be given compensating time off.
(a) If an employee because of the nature of his duties and hours is regularly scheduled or normally required to work on a legal holiday he shall be given compensatory time off.
(b) If an employee not normally required to work on legal holidays is ordered to work on a legal holiday he shall be given double time off.”
On October 7, 1957 the Department of Hospitals issued the following directive to the Bureau Directors and Superintendents of Institutions of the Department of Hospitals:
CITY OF NEW YORK,
DEPARTMENT OF HOSPITALS
125 WORTH STREET
NEW YORK 13, N. Y.
October 7, 1957
Office of Deputy Commissioner Matzkin
Notice # 1957 — 58
TO: BUREAU DIRECTORS
SUPERINTENDENTS OF INSTITUTIONS
SUBJECT: COLUMBUS DAY.
In accordance with City-Wide leave regulations and Departmental Personnel policy, employees are granted leave with pay, not chargeable, on legal holidays or a day in lieu thereof. The Department of Hospitals operates on a 24-hour day, 7-day week basis and therefore, Saturdays, Sundays and holidays are regular workdays for many of our employees. Since Columbus Day this year falls on a Saturday, questions have arisen regarding employee rights with respect to this day.
The following is submitted for your guidance:
1. Employees whose regular workweek is Monday through Friday shall receive 10 instead of 11 legal holidays in 1957 since Columbus Day falls on a Saturday.
2. Ward nursing personnel and similar groups will receive 11 days in 1957 in lieu of all holidays. Nursing Staff and others assigned to Out-Patient Departments which are closed on Saturdays, Sundays and Holidays shall receive only 10 legal holidays in 1957.
*253 3. Employees who are regularly required to work on Saturday and work on Columbus Day, October 12th, shall be given a day in lieu thereof. Otherwise such personnel would receive only 10 legal holidays in 1957.
4. Employees who work on rotating services which include Saturdays periodically and whose scheduled Saturday is October 12th shall not be given compensating time off. In no instance shall the number of legal holidays allowed the employees in this group in 1957 exceed 10 days.
On October 9, 1957 Joseph Schechter, Personnel Director, issued to all Commissioners of the City of New York and, particularly, the Commissioner of Hospitals, the following directive:
“ October 9, 1957
Dear Commissioner:
Under the Uniform Leave Regulations holidays are granted only when they fall on regularly scheduled work days.
Therefore, when a holiday falls on a Saturday (e.g., Columbus Day, on Saturday, October 12, 1957) employees who are not regularly scheduled to work on that day are not entitled to another day off in lieu thereof. However, employees who are regularly scheduled to work on such day are entitled to the day as a holiday or compensatory time off if they work on such date.”
It is significant, in connection with the foregoing communications, to note that section 6.5 of the “ Leave Regulations” adopted by the Board of Estimate provides as follows: “ The agency head is authorized to establish rules relating to leave not inconsistent with these regulations, to meet the specific needs of his agency”.
And section 6.6 of the “ Leave Regulations ” provides: “ The City Personnel Director is authorized to interpret these regulations upon request of an agency head or an interested employee or group of employees.”
The directive of Joseph Schechter, City Personnel Director, on October 9, 1957 was made pursuant to a request of the Commissioner of Hospitals seeking an interpretation of section 6.0 of the “ Leave Regulations ”.
The key to the whole problem is found in the words “ regular holidays with pay” (§ 6.0). They require instant and outset understanding. I construe ‘1 regular holidays with pay” as days of celebration to which the Board of Estimate has given its formal recognition, to be taken off without pay deduction to the employee. This nomenclature, seemingly, is derived from custom and usage, lending emphasis to the fact that such permitted leave from work may be enjoyed “ with pay ”. This broad recognition, which the Board of Estimate was empowered *254 to make, must, in specific application', give way to ‘ ‘ rules relating to leave not inconsistent with these regulations, to meet the specific needs of his [agency head] agency ” (§ 6.5 of the “ Leave Regulations ”; emphasis supplied), and the City Personnel Director is also authorized ‘1 to interpret these regulations upon request of an agency head or an interested employee or group of employees ” (§ 6.6 of the “ Leave Regulations ”).
Therefore, I mnst disagree with the petitioners’ contention that, under certain circumstances, the petitioners are entitled to “ paid holidays ” in the monetary sense. On the contrary, the essential problem to be resolved herein is what compensatory time off, if any, the petitioners may receive arising from their scheduled employment and the coincident clash of these holidays, or, where work direction, out of scheduled employment, happens on these holidays. No monetary substitution or supplemental benefits were intended in any of these possibilities, and such interpretation which petitioners would ascribe is unwarranted, and would impose an onerous financial burden on the City of New York; never intended.
Separately considered: Petitioner, Alma C. Osborne was employed in Bellevue Hospital and her regular work week was Monday through Friday. Columbus Day, October 12, 1957, and Washington’s Birthday, February 22, 1958, both legal holidays, fell on Saturdays. Petitioner did not work nor was she required to work on October 12, 1957, Columbus Day, and February 22, 1958, Washington’s Birthday. She was not paid for such holidays or given days off in lieu of such holidays. Her position is that she is entitled to two days ’ pay, pursuant to paragraph 6.0 of the “Leave Regulations ” adopted by the Board of Estimate because the holidays are those set forth in the “ Leave Regulations ”, which, she says, the Personnel Director has misinterpreted. On the other hand, the position of respondent is that the purpose and intent of section 6.0 of the “ Leave Regulations ” was to grant city employees only holidays with pay that fell upon a regularly scheduled workday and the above holidays were on days during which petitioners did not have to work. This petitioner’s contentions are therefore untenable since it is quite apparent that the directives are compatible with the purpose and intent of section 6.0 of the “ Leave Regulations ’ ’ which I construe as granting city employees only holidays with pay (in the sense previously amplified) that fall upon a regularly scheduled workday. Generally, the Department of Hospitals must work around the clock and every day of the week, and therefore all days of the week, including Saturdays, *255 Sundays and holidays, are regular workdays for many hospital employees. Not so here and the relief sought by this petitioner is denied.
The petitioner Fannie Martin was on a scheduled work week from Monday through Friday and she also worked a regularly scheduled “ swing shift ” each fourth week. It happened that she was regularly scheduled to work and did work on Saturday, Columbus Day, October 12, 1957. The respondent concedes that she is entitled to compensatory time for working on that day. It further appears that Fannie Martin was not regularly scheduled to work on Washington’s Birthday, February 22, 1958; she did not work on said day and respondent argues that she is not entitled to compensatory time for that day. This petitioner, however, does not desire compensatory time for the labors she performed on Columbus Day, October 12, 1957, but insists that she is entitled to a day’s pay. She is not entitled to such specific relief. There appears to be no provision, either in the ‘1 Leave Regulations ’ ’ or the directives above set forth, that a day’s pay may be requested in lieu of compensating time off. It follows, therefore, that this petitioner, Fannie Martin, and others similarly situated are entitled to compensatory time off for the reason that they worked on Columbus Day, October 12, 1957.
The petitioner Melvin C. Chisholm has a regularly scheduled work week from Wednesday through Sunday. Respondent concedes that he did work on Saturday, October 12,1957, Columbus Day; and Saturday, February 22, 1958, Washington’s Birthday, and that he was regularly scheduled to work on such days. Respondent concedes that the said petitioner is entitled to and did receive November 7, 1957 and March 5, 1958 off as compensatory time therefor. As to this petitioner, it is similarly claimed that the respondent owes him two days’ pay and that it erred in merely giving him the aforesaid time off. This contention, for reasons above stated, has no merit and the relief sought is denied.
Settle order in conformity with this decision.