Hofstadter, J.
(dissenting). Plaintiff retired in March of 1962. In April of 1967, she instituted this action to recover the cash equivalent of compensatory time off due her at .the time of retirement, based on a Joint Administrative Order (No. 11) of the Appellate Divisions for the First and Second Departments dated October 29, 1965, which decided that one Donald Dawson should be credited with compensatory time off for time worked on weekends and holidays between 1960 and 1962. But there .are two fundamental differences between plaintiff’s case and that of Mr. Dawson. Mr. Dawson was still in city employ — Miss Gilmore had .retired. Miss Gilmore sues for a cash equivalent — Mr. Dawson was granted only compensatory time off, not cash.
Public policy, embodied in .the State Constitution (art. VIII, § 1), statutes:(General City Law, § 25; Public Officers Law, § 67), and in the authorities, prohibits retroactive grant of such a cash equivalent (Crane v. City of New York, 185 Misc. 456, affd. 270 App. Div. 930, affd. 296 N. Y. 717; Schaefer v. City of Long Beach, 271 N. Y. 81; Matter of Willett v. Devoy, 163 App. Div. 553; Wadsworth v. Board of Supervisors of Livingston County, 217 N. Y. 484, 449-501; 16 Op. St. Comp., 1960, p. 20; 20. Op. St. Comp., 1964, p. 359).
"While it may seem inequitable that plaintiff be deprived of 11 days’ pay for work she did without compensatory time off, a cash award would have the practical effect of increasing her salary beyond .the amount fixed in the city budget. This is not permissible in .the absence of a statutory provision or executive order requiring the city to pay for these extra days in lieu of compensatory time off. Research discloses no such provision or order applicable to plaintiff. Her right to compensatory time off ended upon her retirement (Simson v. City of New York, 151 N. Y. S. 2d 218; Zichello v. City of New York, N. Y. L. J., March 27,1953, p. 1030, col. 2; Matter of Osborne v. Board of Estimate, 15 Misc 2d 250).
*1032 I, ¡therefore, dissent and vote to reverse and to dismiss the complaint.
Gold and Markowitz, JJ., concur in Per Curiam opinion; Hofstadter, J., dissents in dissenting memorandum.
Judgment affirmed, without costs.