POPPER, DAVID, Associate Judge.
Appellees sought and obtained, as representatives of a class of firemen a determination of their rights and obligations pertaining to temporary work assignments as fire officers, a higher classification, under the Civil Service Rules and Regulations of the City of .Miami. Rule VIII, Section 9, of said Rules reads, in part:
“ * * * No employee shall be permitted to serve in a classification higher than the classification in which he has Civil Service Status except in case of emergency. The necessity for such emergency employment beyond a thirty (30) day period in any one calendar year shall be explained to the Board in writing by the director of the department concerned, and shall be approved by the Board before such continued employment is permitted. * * * ”
The decree of the lower court, based upon evidence of. the temporary work assignments for the year 1965, provides:

“The Court finds that the defendants by their own testimony and admissions have worked firemen in higher classifications, to-wit, lieutenant and captain classifications during the year 1965 in such higher classifications for approximately 21,705 hours.
“ * * * The Court finds no provision under the Civil Service Rules and Regulations as are in evidence which would justify working a fireman in a higher classification except in the case of an emergency. The evidence clearly shows that the firemen have been required to work as fire officers (a higher classification), because of sick leave, vacation and holiday time taken by their superior officers and that these firemen, because of their assignments, have had added responsibility and duties for which they received no additional compensation and that such assignments are direct orders, the failure of which to obey could subject a fireman to disciplinary action and/or being terminated.
*782 “The Court further finds that the defendants have offered no testimony or other evidence that has authorized the assignment of firemen to higher classifications pursuant to Rule VIII, Section 9 of the Civil Service Rules and Regulations of the City of Miami in that there has been no testimony on behalf of the defendants as to any emergency. The Court further finds that the plaintiffs have been required to perform the duties of fire officers (a higher classification) because of the insufficient number of fire officers as was testified to by LAWRENCE L. KENNEY, Chief of the Fire Department, Miami, Florida. * * *
“WHEREFORE, based on the foregoing, it is

“ORDERED, ADJUDGED AND DECREED that the defendants, CITY OF MIAMI, a municipal corporation of the State of Florida, MELVIN REESE, City Manager, Director of Public Safety, City of Miami, Florida, and LAWRENCE L. KENNEY, Director of Department of Fire, City of Miami, Florida, are hereby restrained from working the firemen in fire officer and/or any higher classification except in the case of an emergency, and in such cases shall pay said firemen such sums or sums of money as is commensurate with the duties and responsibilities they are ordered to assume because of such emergency.

«4? * 4c
«4c 4c * »
Appellant CITY OF MIAMI contends that temporary assignments out of classification for vacations, holidays, and illnesses are emergencies and, in further support of its position, reasons that such assignments provide needed experience for those firemen who are eligible for promotion to a higher rank.
Appellees cite Black’s Law Dictionary, Fourth Edition, which defines emergency as:
“A sudden unexpected happening; an unforeseen occurrence or condition; specifically perplexing contingency or complication of circumstances; a sudden or unexpected occasion for action; exigency ; pressing necessity.”
Obviously, emergency cannot be defined with absolute precision. However, lack of the elements of suddenness and unforesee-ableness is not necessarily determinative. The definition in Corpus Juris Secundum recognizes the foregoing definition of emergency, but also states, in 29A C.J.S., p. 141:
“While it has been said that the controlling idea in all of the various definitions is that an emergency is something unforeseen, and that by its very nature it is something which reasonably may not be anticipated, it has also been said that the word does not always or necessarily imply suddenness or unforeseeableness, or a temporary condition, and that an emergency may comprehend a pressing necessity or exigency, not necessarily wholly unexpected, * *
The varying definitions of the word “emergency” are sufficient to demonstrate that its meaning, to a great extent, is controlled by the circumstances under which it is used. We think it is clear that as used in Rule VIII; Section 9, of the Civil Service Rules and Regulations of the City of Miami, the word “emergency” comprehends a pressing necessity or exigency, not necessarily wholly unexpected.
Applying that definition, we do not hold that vacation and holiday assignments constitute a pressing necessity or exigency. To the contrary, vacations and holiday assignments can be planned well in advance by those in authority and are not emergencies when unconnected with circumstances which might come within the meaning of the term used herein. Illnesses are not unexpected in the ordinary meaning of the term. However, they are unforeseeable, both as to time and duration. Foresight *783 might, to a very limited degree, avert some of the consequences of illness, but adequate and effective precaution at all times may not he possible.
While we concur with the lower court that authority to work firemen in a higher classification may be exercised only if there is an emergency, whether an emergency exists is a question of fact. Under Rule XX of the Civil Service Rules and Regulations of the City of Miami, “any employee who is aggrieved by reason of what he considers a violation of civil service rules to his detriment, or who has a grievance concerning his employment under the rules, and who desires redress, shall notify the Executive Secretary in writing, stating the nature of his grievance and requesting a hearing by the (Civil Service) Board.” The same Rule also provides, under Section 2:
“(d) The Board shall consider the matter, and promptly present its findings and recommendations to the City Manager for his consideration of a proper remedy, if a remedy is necessary.”
We believe that Rule XX vests in the Civil Service Board wide discretionary powers as a fact finding body to decide whether a pressing necessity or exigency exists to warrant working an employee in a higher classification. This construction of the Civil Service Rules permits those most intimately acquainted with the facts to pass judgment on a question which is essentially one of fact, rather than, in effect, leaving the courts to decide.
Though the record on appeal shows that the practice of temporarily assigning firemen to higher classifications had been carried on by the department for several years prior to 1965, it contains a breakdown of temporary work assignments for only one year, 1965. The record on appeal does not contain sufficient evidence of continued or threatened future violations of Rule VIII, Section 9.
“Until proof to the contrary appears, it is to be presumed that public officers properly perform their duties, and that they carry them out in good faith. It is presumed that public officials know what their authority is under the law, and that such laws have been faithfully observed.
“Similar presumptions apply to functions to be performed by public officers in the future. It is presumed that they will obey the law and the constitution, and that they will fully discharge their duties as the law directs.” 13 Fla.Jur., p. 87, Evidence, Sec. 81.
The injunction restraining City of Miami from working firemen in higher classifications except in emergencies should be vacated.
In support of that portion of the decree requiring additional compensation for firemen working in higher classifications, appellees refer to Rule IV, Section 5, of the Civil Service Rules and Regulations. A cursory reading of said Rule clearly shows that additional compensation for special assignments is permissive, and then only when authorized by a department head, with the concurrence of the director of personnel and the approval of the city manager, provided funds are available. In the absence of an ordinance requiring pay other than a fixed salary, the City is under no obligation to pay appellees additional compensation. See City of Homestead v. DeWitt, Fla.App., 126 So.2d 582.
That portion of the decree requiring the City to pay additional compensation during emergency employment should also be vacated.
The cause is reversed and remanded for entry of a final decree not inconsistent herewith.