QUESTION: May a board of county commissioners employ another engineering firm to complete a study on an emergency basis in order to meet a federal deadline when an engineering firm has failed to perform an engineering contract at the time specified and its contract has been terminated by the board?
SUMMARY: Under the express terms of the Consultants' Competitive Negotiation Act, s. 287.055, F.S., a board of county commissioners may, in case of a valid public emergency so certified by it, contract for professional architectural, engineering, or surveying services without complying with the competitive negotiation requirements of the act. The question of whether such an emergency exists is one of fact to be initially determined by the board. Under the express terms of the Consultants' Competitive Negotiation Act, s. 287.055, F.S. (the "CCNA" hereafter), a public body within the purview of the act is not required to comply with the notice and competitive negotiation requirements of the act "in cases of valid public emergencies so certified by the agency head." The question of what is an "emergency" is, of course, a question of fact to be determined in the particular context in which it arises. See 29A C.J.S. Emergency, p. 141. Accord: City of Miami v. Gioia, 215 So.2d 780
(3 D.C.A. Fla., 1968), defining emergency within the purview of a civil service rule relating to service in a higher classification to mean "a pressing necessity or exigency, not necessarily wholly unexpected." See also Pace v. State ex rel. Smedley, 7 So.2d 595
(Fla. 1942), affirming the trial court's finding on the pleadings that an emergency existed which justified the appointment of the relator as executive head of a municipal department. While the Florida courts have not spoken on the meaning of emergency under the CCNA, the facts stated in your letter appear to be sufficient to show a "pressing necessity or exigency" to contract for an engineering study in time to meet the deadline for qualifying for federal funding of the city's sanitary sewer system. However, the Attorney General is not a fact-finding official or body. The question of whether an emergency existed must, under the express terms of the statute, be initially determined or "certified" by the board of county commissioners; and, should the board's decision in this respect be questioned, it should be resolved in an appropriate proceeding in which both sides of the controversy may be heard.