J. G. RAWLS ET AL., COUNTY COMMISSIONERS, DUVAL COUNTY, *Plaintiffs in Error*, v. STATE EX REL. OSCAR NOLAN, AS TAX ASSESSOR, DUVAL COUNTY, *Defendant in Error*.

En Banc.

Opinion filed June 28, 1929.

104

*John E. Mathews* and *J. Tarver Hooks,* for Plaintiff in Error;

*George C. Bedell* and *Chester Bedell,* for Defendant in Error.

WHITFIELD, J.—In mandamus proceedings brought in the Circuit Court by the County Assessor of Taxes against the County Commissioners of Duval County, the question is presented as to whether the County Assessor of Taxes for Duval County is entitled to receive from the county, commissions for the assessment of special taxes levied in the special tax school district in Duval County and commis-

sions for the assessment of special taxes levied upon property in Duval County pursuant to Chapter 12026, Acts of 1927, creating a special taxing district to be known as "Florida Inland Navigation District," including Duval and several other counties. The Circuit Court decided in favor of the assessor and awarded a peremptory writ. The County Commissioners took writ of error.

Public officers have no legal claim for official services rendered except when, and to the extent that, compensation is provided by law, and when no compensation is so provided, the rendition of such services is deemed to be gratuitous. 46 C. J. 1014, and authorities cited.

The Constitution contains the following: "The Legislature shall provide for the election . * in each county of * a County Assessor of Taxes, a Tax Collector" *. Their powers, duties and compensation shall be prescribed by law." Sec. 6. Art. VIII. "The Legislature shall not pass special or local laws * regulating the fees of officers of the State and county." Sec. 20, Art. III. "In all such cases all laws shall be general and of uniform operation throughout the State." Sec. 21, Art. III, as amended in 1928. "The compensation of all county school offfficers shall be paid from the school fund of their respective counties, and all other county officers receiving stated salaries shall be paid from the general funds of their respective counties." Sec. 15, Art. XII. "The Legislature shall provide for a uniform and equal rate of taxation." Sec. 1, Art. IX, as amended in 1924. "The Legislature shall authorize the several counties * to assess and impose taxes for county * purposes, and for no other purposes." Sec. 5, Art. IX. The statutes provide for the election every four years of a County Assessor of Taxes. Sec. 252. The general duties of County Assessor of Taxes are prescribed by law. Sec. 913, et seq. Their duties in assessing taxes for

special tax school districts are stated in Sections 713, et seq., Comp. Gen. Laws 1927. As to duties of the County Assessors of Taxes in assessing taxes for ''Florida Inland Navigation District,'' see Sections 19, et seq., Chapter 12026, Acts of 1927. Section 797, Rev. Gen. Stats. 1920, Section 1028, Comp. Gen. Laws 1927, provides that ''The County Assessor of Taxes shall be entitled to receive the following commissions upon the amount of taxes, general or special, assessed, but not on each separately, excluding errors, to-wit:

''On the first four thousand dollars, ten per cent.; on the next three thousand dollars, five per cent.; on the balance, one and one-half per cent., which shall be allowed him by the Comptroller, and paid to him by the Treasurer as other Comptroller's warrants are paid; and the County Assessor of Taxes shall receive the same rate of commission for assessing the county tax, to. be allowed by the county commissioners and paid by the county treasurer.''

Under the last quoted statute the assessor of taxes ''shall be entitled to receive'' stated ''commissions upon the amount of taxes, general or special, assessed'' for State purposes, and he ''shall receive the same rate of commission for assessing the county tax.'' The section is a general law. It prescribes no commissions to be paid for assessing any district taxes, and it is clear that ''the county tax'' referred to in the section does not include the tax that is assessed for special tax school districts in the county, and does not include the tax levied in the county for ''Florida Inland Navigation District,'' since neither is a ''county tax'' within the meaning of the statute prescribing the compensation to be paid to county assessors of taxes. The Tax Assessor assesses all the different classes of taxes, not municipal, that are assessable in the county, at the same time and on the same assessment roll; but the statute pro-

vides that his compensation shall be a stated commission on assessments of general or special State taxes and a like "commission for assessing the county tax," no provision being made for commissions on assessments other than those for the State and "the county tax," which do not include district taxes of any nature. It is competent for the Legislature to prescribe that the compensation of county officers shall be confined to that allowed for services rendered the public, as in assessing or collecting one class of taxes without any allowance for assessing or collecting other classes of taxes.

Chapters 11898 and 11899, Acts of 1927, Sections 1035 and 1036, Comp. Gen. Laws 1927, contain separate provisions prescribing the commissions to be paid to "the County Assessor and Collector of Taxes in counties having" populations between stated aggregates "according to the last State census," being among the smaller counties, "for assessing and collecting the county tax," and also contain a provision that the "commissions for assessing and collecting the tax in special tax school districts shall be audited and allowed by the County Board of Public Instruction and shall be at the rate of two per cent. on such assessment and collection. The "commissions for assessing and collecting other special taxes shall be allowed by the County Commissioners or Bond Trustees at the rate of two per cent. and paid out of the special taxes." If these latter sections regulating the fees of county officers are general laws within the requirements of Section 20, Article III, Constitution, and if the provision relating to compensation for assessing special tax school district taxes does not conflict with the organic principles stated in The State of Florida ex rel. The Board of Public Instruction of Gadsden County v. The Board of County Commissioners, 17 Fla. 418, the sections last quoted from do not apply to

Duval County. Section 1028, Comp. Gen. Laws 1927, controls this case and it allows the commissioners to pay commissions to the County Assessor of Taxes only ''for assessing the county tax.''

Reversed.

TERRELL, C. J., AND ELLIS, BROWN AND BUFORD, J. J., concur.