PER CURIAM.
S. R. DeWitt, Jr., a policeman, working for the City of Homestead, in Dade County, Florida, was injured in an automobile accident while on duty. The injury occurred on March 6, 1959. After being absent from work with pay for approximately four months, he was removed from the payroll by the city. Immediately thereafter DeWitt filed a complaint in the circuit court, entitled “Complaint for declaratory decree and mandatory injunction, accounting and other relief.” The chancellor thereupon entered a temporary mandatory injunction, ordering the City of Homestead to restore the plaintiff to the payroll. No motion to dissolve this injunction was ever made. The city did not test the sufficiency of the complaint by motion, but filed an answer denying plaintiff’s right to any relief. After trial the chancellor entered a final decree for the plaintiff and the defendant city appeals.
A brief summary of the evidence offered is necessary. The plaintiff presented the testimony of various city employees to the effect that it had been the policy of the city on previous occasions to pay in full the salary of police officers injured while on duty, during all the period of time that they were incapacitated from the performance of their duties. In addition, there was presented the testimony of the city manager as follows: “ * * * compensatory time off is the policy of the council, and we do not pay for overtime work in cases other than when somebody is leaving the city and they have accumulated sufficient time. You couldn’t take compensatory time off if you were no longer working.”
The plaintiff testified as to the number of overtime hours that he had worked during several years. This testimony was based upon time sheets, which he himself had filed with the city, and which he testified to be as follows: 1953, 87 hours; 1954, 896 hours; 1955, 788 hours; 1958, 1689 hours; 1959, 269 hours. The plaintiff could find no records at the city office for the years 1956 and 1957, but it was his belief that he had served the same amount of overtime in each of these years as he. did in the year 1958.
Based upon this evidence the court entered the following declaratory decree:
“1. That the purported removal of Lt. S. R. DeWitt, Jr. from the police force of the City of Homestead while said DeWitt was incapacitated because of injuries received in performance of his official duties, was not in accordance with the Charter and Code of Homestead, was unfair, inequitable, illegal and void.
“2. That the City of Homestead is estopped from denying an established course of conduct and policy of paying officers and employees regular salary when absent from work because of injuries received in the performance of their official duties.
“3. That the City of Homestead is estopped from denying an established course of conduct and policy of directing police officers to put in overtime hours with the understanding that compensation will be given for such overtime by ‘compensatory time-off’ or in cash at the time of severance of service.
“4. That the plaintiff, S. R. DeWitt, at the direction of his superiors accumulated several thousand hours of overtime during the latter years of his tenure and is due and owing $13,-516.00 for accumulated overtime work or its equivalent time off in the event the resignation he submitted (after his recovery) is not accepted.”
The city has urged error upon the ground that the evidence is insufficient as a matter of law to support the final decree. Since *584 we find it necessary to reverse upon this basis we do not discuss any other point.
It has been held in Florida that a patrolman is an officer for the purpose of determining a question of his earnings. Curry v. Hammond, 154 Fla. 63, 16 So.2d 523.[1] Further, it has been determined that:
“ ‘Public officers have no claim for official services rendered, except when, and to the extent, that compensation is provided by law, and when no compensation is so provided rendition of such services is deemed to be gratuitous.’ ”
Gavagan v. Marshall, 160 Fla. 154, 33 So. 2d 862, 864; Rawls v. State, 98 Fla. 103, 122 So. 222.
Compensation of policemen has been delegated to the city council of the City of Homestead by its city charter. Chapter 11520, § 9, Laws of Florida 1925, Ex.Sess. Appellee’s compensation then is prescribed by the ordinances of the appellant relating to the compensation of its police officers.
A review of the evidence in its entirety supports appellant’s contention that there was no legal basis for the decree of the court.
In the absence of an ordinance to pay other than a fixed salary, the city was under no obligation and, in fact, had no authority, to pay him for so-called overtime work.[2]
 Upon the same basis it cannot be successfully contended that the city is le- ■ gaily bound to maintain a disabled policeman indefinitely upon the payroll because said officer was injured in line of duty. The fact that the city has, upon occasions, retained certain employees on the payroll over a period of time covering a disability is not sufficient to create a legal and enforceable obligation to continue the plaintiff indefinitely. Cf. City of Oldsmar v. Monnier, Fla.1951, 56 So.2d 527. Therefore, the chancellor was in error, both upon his finding that the plaintiff was entitled to he restored to the payroll and upon his finding that the city was indebted to the employee in the amount of $13,516.
Reversed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.

. See Waldby, The Public Officer-Public Employee Distinction in Florida, U.Fla. L.Rev. 47, 52, 63 (1956).

. See cases cited at 62 C.J.S. Municipal Corporations § 586, p. 1188, nn. 11, 12, & 13.