QUESTION: Is an assistant state attorney prevented by s.216.262(3), F.S., from receiving compensation for teaching an evening law course at a district community college?
SUMMARY: An assistant state attorney is not prohibited by s.216.262(3), F.S., from teaching an evening law course at a district community college and being compensated therefor from funds of the community college district. Section 216.262(3), F. S., provides, in pertinent part: Unless specifically authorized by law, an individual filling or performing the duties of a position the salary of which has been specifically fixed or limited by law shall not receive compensation from more than one appropriation, nor in excess of the amount so fixed or limited by law, regardless of any additional duties performed by him in any capacity or position. First, it must be determined whether you are subject to the provisions of s. 216.262(3), F.S. While the salary of a state attorney is fixed by s. 11 of Ch. 74-300, Laws of Florida (the 1974 General Appropriations Act), and is limited by s. 12 of Ch. 74-300 as to supplementation by counties or municipalities, the salary of an assistant state attorney is neither fixed nor limited by Ch. 74-300. However, there is a limitation on an assistant state attorney's salary in s. 27.181(4), F.S., which provides that an assistant state attorney's salary shall not exceed 90 percent of the salary of the state attorney of the same judicial circuit. Because of the somewhat vague wording of s. 216.262(3), there is some question as to whether s. 27.181(4) is a specific limitation as contemplated by s. 216.262(3). For the purpose of this opinion, and pending legislative or judicial clarification, it is my conclusion that you are subject to the restrictions of s.216.262(3). Section 216.262(3), supra, prohibits both the receipt of compensation "in excess of the amount so fixed or limited by law," and the receipt of compensation "from more than one appropriation." The former prohibition appears to be merely the application to state officers and employees of the well-settled principle of law that additional duties lawfully imposed upon a public officer were intended to be performed gratuitously unless additional compensation is specifically provided for performing such additional duties. Rawls v. State, 122 So. 222 (Fla. 1929); Gavagan v. Marshall, 33 So.2d 862 (Fla. 1948). It is not applicable to "moonlighting" by a public officer or employee, when such additional employment is otherwise valid. Cf. AGO 073-46, ruling that a public defender may be employed as an "adjunct assistant professor" to teach an evening law course at a state university law school, so long as he is not compensated therefor from state funds. Thus, it is the latter prohibition — that against receiving compensation from more than one appropriation — which must be
considered, as you are already being compensated from one state appropriation in your position as assistant state attorney. In applying AGO 073-46 to your situation, it should first be noted that you will be teaching at a district community college, rather than at a state university. The nature of a community college district is explained by s. 230.753(1), F.S.: (1) Each community college district authorized by law and the department of education is an independent, separate, legal entity created for the operation of a community college. In addition, it was concluded in AGO 071-175 that district community colleges operating under Ch. 230, F.S., are not state agencies. Thus, on first impression, there would seem to be no problem as to compensation from state funds, since the entity by which you will be employed — the community college district — is not a state agency, and since you will be paid by a community college district check signed by the college president. However, you state that the district fund from which you will be paid consists of funds from various sources, including federal funds, county funds, and funds allocated to the district by the Division of Community Colleges of the Department of Education in accordance with the formula prescribed by s. 230.767, F.S. While it is true that the state funds so allocated are included as an item in the General Appropriations Act, Ch. 74-300, Laws of Florida (see Item 246K, "Aid to Counties, Community College Program Funds"), it seems clear that, once the funds so allocated have been distributed to a community college district, they lose their status as an "appropriation" of state funds within the meaning and intent of Ch. 216, F.S. — regulating the planning, budgeting, and appropriating of state funds for state agencies — and become community college district funds, to be disbursed as provided by the district's budget adopted pursuant to the laws governing the preparation and approval of such budgets. See s. 230.769, id. Thus, it appears that your employment as teacher of an evening law course at a district community college, with compensation therefor paid from community college district funds, would not be prohibited by s.216.262(3), supra.