QUESTIONS: 1. May the posting of a copy of a marriage license application pursuant to s. 741.04, F.S. (1974 Supp.), be at the front door of the branch office in a county which has authorized a branch circuit court clerk's office? 2. May the circuit court clerk assess a fee for verification pursuant to s. 28.24(3), F.S., when he certifies a photocopy of an instrument?
SUMMARY: The posting of a copy of a marriage license application pursuant to s. 741.04, F.S. (1974 Supp.), must be at the front door of the courthouse located in the county seat. When the clerk certifies a photocopy of an instrument, he may not assess a fee for verification pursuant to s. 28.24(3), F.S. AS TO QUESTION 1: Under s. 741.01, F.S., as amended by Ch. 74-372, Laws of Florida, either the county court judge or the clerk of the circuit court may issue marriage licenses. Section 741.04, F.S. (1974 Supp.), provides, inter alia, that . . . it shall be the duty of the county court judge or clerk of the circuit court to post a true copy of said application [for a marriage license] at the front door of the courthouse in the county where said application was made. . . . The purpose of this provision of the statute would seem to be to give notice to the public of such application. This provision requiring the posting of applications of marriage licenses was adopted in 1945. Chapter 22643, 1945, Laws of Florida. At the time of its enactment each county had but one courthouse; it was only subsequent to this that branch offices of the circuit court clerk and branch courthouses were authorized. See Ch. 57-281, Laws of Florida (s. 28.07, F.S.), authorizing the circuit court clerk to establish a branch office, but requiring the "permanent official books and records" to be kept at the county seat; Ch. 57-331, Laws of Florida (s. 125.222, F.S.), authorizing court proceedings, except jury trials, to be conducted in "auxiliary county offices where such offices have been established and are maintained under authorization of law," and again providing that all records of such proceedings must be kept and maintained in the county offices at the county seat; and Ch. 72-404, Laws of Florida (s. 34.181, F.S.), providing for the county court to sit in a location other than the county seat when requested by a county or municipality and authorized by the chief judge of the judicial circuit. And the 1968 Constitution [Art. VIII, s. 1(k)] authorizes the establishment of branch offices "for the conduct of county business" at locations other than the county seat but provides also that "[n]o instrument shall be deemed recorded in the county until filed at the county seat according to law." Pending legislative or judicial clarification, I am of the opinion that s. 741.04, F.S. (1974 Supp.), contemplates but one "courthouse" though a county may have more than one courthouse today. There is nothing in these subsequent enactments providing for branch offices to indicate that the Legislature intended that constructive notice would be effective upon posting at such branch offices; but, as noted above, to the contrary, the statutory and constitutional provisions allowing branch county offices required that the judicial and other records be recorded and kept at the county offices at the county seat. See ss. 28.07 and 125.222, F.S.; and Art. VIII, s. 1(k), State Const. Requiring copies of marriage license applications to be carried from branch offices to the courthouse in the county seat to be posted may be an added burden on the clerk, but it appears to be a duty required by law. Cf. AGO 058-17, ruling that branch offices must transport documents filed in such offices to the courthouse, as it is only there that they may be officially recorded and constitute constructive notice. Your first question, therefore, is answered in the negative. AS TO QUESTION 2: The fee of $1 per page for "examining, comparing, correcting, verifying, and certifying transcripts of record in appellate or other proceedings, prepared by attorney for appellant or someone else other than clerk," s.28.24(3), F.S., is limited by its terms to "transcripts of record in appellate or other proceedings . . . ." This contemplates litigation and does not include certification of recorded instruments, which is covered under s. 28.24(5), F.S. There is no authority for the clerk to charge a fee for verification incident to certification of an instrument; and public officers have no legal claim for official services rendered, except when and to the extent that compensation is provided by law. Thus, when no compensation is so provided, the rendition of the service is deemed to be gratuitous. Rawls v. State, 122 So. 222 (Fla. 1929). Your second question, therefore, is answered in the negative.