[No. 4225–II.   Division Two.   March 17, 1981.]

MARIE A. MURPHY, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Rodney Carrier,* for appellant.

*Slade Gorton, Attorney General,* and *Barbara Phillips, Assistant,* for respondent.

REED, C.J.—Marie Murphy appeals from a summary judgment dismissing her claim against the State Department of Licensing seeking additional compensation for attending meetings of the State Cosmetology Examining Committee. We affirm.

The State Cosmetology Examining Committee, a division of the Department of Licensing, is the state agency charged with overseeing the practice of hairdressing and cosmetology. In 1976 the Governor appointed Ms. Murphy to serve as secretary to the committee. As committee secretary, Ms. Murphy holds a full–time salaried position. RCW 18.18.104.[1] Under RCW 18.18.102, the secretary is also a

---

[1] RCW 18.18.104 reads:

"Examining committee—Meetings—Principal office—Duties, compensation of secretary—Compensation of members—Source of support. The secretary of the

member and chairman of the committee. The duties of the position include making preparations for all committee meetings and keeping a record of all committee proceedings. RCW 18.18.104 also provides that members of the committee are to be compensated for attending meetings at the rate of $35 per day.

In 1979 Ms. Murphy brought this action against the Department of Licensing, alleging that the Department had committed a breach of contract by refusing to compensate her for attending some 190 meetings of the committee between May 1976 and November 1978. Both parties filed motions for summary judgment. The trial court granted the Department's motion.

The sole issue on appeal is whether Ms. Murphy is entitled to be compensated both as a committee member and as committee secretary for attending committee meetings. To resolve this issue we must interpret the following provisions of RCW 18.18.104:

> The secretary shall have a full time position with a salary to conform with standards set by the department of

---

examining committee shall keep a record of all the proceedings of the committee. The committee shall meet in order to hold examinations and to conduct any other proper business. The committee shall set a schedule for such meetings a year in advance. The principal office of the committee shall be and is hereby established in Olympia, Washington. A majority of the committee in meeting duly assembled may exercise all the powers devolving upon the committee. For any urgent purpose a special meeting may be called. Notice from the secretary signed by three members of the committee may convene the committee for a special meeting. Only business specified in the notice shall be transacted. The secretary shall arrange for and conduct all examinations called for under the provisions of this chapter. The secretary shall deliver all records and findings of the examining committee as a result of examinations and hearings to the director. The secretary shall have a full time position with a salary to conform with standards set by the department of licensing for similar positions. The secretary shall be reimbursed for travel expenses incurred in the actual performance of his duties in accordance with RCW 43.03.050 and 43.03.060 as now existing or hereafter amended. Each member of the committee shall receive as compensation for attendance at proper meetings of the committee thirty–five dollars for each day's attendance and shall be reimbursed for travel expenses in accordance with RCW 43.03.050 and 43.03-.060 as now existing or hereafter amended: *Provided, however,* That all salaries, compensation, and travel expenses shall come from the license and application fees collected pursuant to this chapter."

licensing for similar positions. The secretary shall be reimbursed for travel expenses incurred in the actual performance of his duties . . . Each member of the committee shall receive as compensation for attendance at proper meetings of the committee thirty–five dollars for each day's attendance and shall be reimbursed for travel expenses . . .

Ms. Murphy argues that because she is a member of the committee, she is entitled to $35 for each committee meeting she has attended while serving as committee secretary. Thus we must decide whether the legislature intended the phrase "each member of the committee" in RCW 18.18.104 to include the full–time, salaried secretary. For the reasons set forth below, we believe Ms. Murphy is entitled to no extra compensation and affirm the trial court's order dismissing the case.

We must first determine if the statute in question is ambiguous. If the language of a statute is clear, we must give effect to its plain meaning without resort to rules of statutory construction. *Hatfield v. Greco,* 87 Wn.2d 780, 557 P.2d 340 (1976). In our view, the meaning of RCW 18.18.104 cannot be readily determined from its face.[2] The statute provides that each member of the committee is to be compensated for attending meetings. Under RCW 18.18.102, the secretary clearly must be a committee member. This seems to support Ms. Murphy's interpretation. On the other hand, the Department points out that the statute, in consecutive sentences, makes two provisions for reimbursement for travel expenses. Furthermore, if we accept Ms. Murphy's interpretation, the statute would compensate a person for performing two jobs at the same time, a somewhat unusual result. We therefore conclude that the statute is susceptible to more than one meaning and, finding no legislative history to aid in resolving the ambiguity, look to rules of statutory construction to deter-

---

[2] We note that both parties argue that the statute is clear and unambiguous, but the "plain meaning" each ascribes to the statute is diametrically opposed to that put forward by the other.

mine legislative intent.

Ms. Murphy argues that to approve the Department's interpretation of the statute requires us to insert the words "except the secretary" after the words "each member of the committee." Where a statute is neither vague, nor ambiguous, nor irrational on its face, a court cannot insert words that were seemingly unintentionally omitted, nor disregard words that were seemingly inadvertently included. *E.g.*, *State ex rel. Hagan v. Chinook Hotel, Inc.*, 65 Wn.2d 573, 578–80, 399 P.2d 8 (1965); *Vannoy v. Pacific Power & Light Co.*, 59 Wn.2d 623, 369 P.2d 848 (1962). *But see Cook v. State*, 83 Wn.2d 599, 521 P.2d 725 (1974). Because we have concluded that the phrase "each member of the committee" is ambiguous, however, the foregoing rule of construction is inapplicable. Moreover, it is doubtful if the rule of construction would aid Ms. Murphy because her construction of the statute seemingly would require us to insert the words "including the secretary" following the phrase in question. *See* RCW 18.15.055.

Ms. Murphy also notes that in 1979 both houses of the legislature rejected proposed amendments to RCW 18.18.104 which clearly would have provided that the committee secretary was not entitled to compensation as a committee member. She argues that the legislature thus rejected the Department's construction of the statute. We think such legislative inaction is ambiguous at best. It is just as plausible that the legislature, aware of the Department's construction of the statute, approved of that construction and believed the proposed amendment was unnecessary. *Cf. Automobile Club v. Department of Revenue*, 27 Wn. App. 781, 786 n.3, 621 P.2d 760 (1980). Indeed, the legislature may have feared that amending the statute would lead a court to apply the familiar presumption that when the legislature makes a material change in the wording of a statute, it intends to change the law. *See, e.g., Allen v. Employment Security Dep't*, 83 Wn.2d 145, 150–51, 516 P.2d 1032 (1973); *Hanson v. Seattle*, 80 Wn.2d 242, 251, 493 P.2d 775 (1972). In short, we are unwilling to

attempt to draw any inference from a legislative failure to act. *See Hama Hama Co. v. Shorelines Hearings Bd.,* 85 Wn.2d 441, 460, 536 P.2d 157 (1975) (Horowitz, J., dissenting); *Porter v. Roach,* 69 F. Supp. 56, 57 (D. Or. 1946); H. Hart & A. Sacks, *The Legal Process: Basic Problems in the Making and Application of Law* 1394–1401 (1958).

■ In response to Ms. Murphy's arguments, the Department contends that its construction of the statute is entitled to deference from this court, citing *Whitehead v. Department of Social & Health Servs.,* 92 Wn.2d 265, 595 P.2d 926 (1979), and *Hama Hama Co. V. Shorelines Hearings Bd., supra.* We decline to rely on this rule of construction, however, because resolving the issue posed by this case does not invoke the need for the Department's specialization or expertise. The Department's construction is a conclusion of general law that should be tested by a "correct or incorrect" standard of review. *See* Abrahams, *Scope of Review of Administrative Action in Washington: A Proposal,* 14 Gonz. L. Rev. 75 (1978).

■ We believe another argument of the Department has more merit. Ms. Murphy's proposed construction would render superfluous the sentence reimbursing the secretary for travel expenses because the secretary already would be reimbursed for such expenses as a member of the committee. A statute should, if possible, be construed so that no clause, sentence, or word is superfluous, void or insignificant. *Groves v. Meyers,* 35 Wn.2d 403, 407, 213 P.2d 483 (1950). Accordingly, we conclude that the phrase "each member of the committee" in the sentence providing for compensation for attendance at committee meetings refers to members other than the secretary.

This interpretation is supported by another rule of construction that alone would be determinative in this case. Statutes relating to the compensation of public officers must be strictly construed in favor of the government, and such officers are entitled only to what is clearly given by law. *Furnia v. Grays Harbor County,* 158 Wash. 619, 621, 291 P. 1111 (1930); 67 C.J.S. *Officers* § 226 (1978). In the

present case, it is clear that the statute provides for compensation of committee members for attending meetings but it is by no means clear that the provision includes a salaried committee secretary who is also a committee member. Under the rule stated above, the ambiguity in the statute must be construed against Ms. Murphy.

Ordinary rules of statutory construction lead us to conclude that RCW 18.18.104 was not intended to compensate the committee secretary for attendance at committee meetings. Accordingly, we affirm.

PEARSON and PETRIE, JJ., concur.