BOARD OF SELECTMEN OF FRAMINGHAM *vs.* MUNICIPAL COURT OF THE CITY OF BOSTON & another.[1]

Middlesex. February 9, 1981. — April 7, 1981.

Present: GRANT, BROWN, & KASS, JJ.

*Police,* Compensation. *Municipal Corporations,* Police. *Interest,* Compensation of policeman. *Words,* "Without loss of compensation."

A police officer who was to be "reinstated in his position without loss of compensation" pursuant to G. L. c. 31, § 44, was not entitled to compensation for special detail pay which he could have expected to earn during the period of his discharge. [660-662]

CIVIL ACTION commenced in the Superior Court on June 9, 1976.

Following the decision of the Supreme Judicial Court in 373 Mass. 783 (1977), a motion seeking to establish damages was heard by *Cratsley,* J., a District Court judge sitting under statutory authority.

*Aaron K. Bikofsky,* Town Counsel, for the plaintiff.
*Louis A. Guidry* for Francis Martinis.

KASS, J. In *Selectmen of Framingham v. Municipal Court of the City of Boston,* 373 Mass. 783 (1977), the court affirmed a judgment setting aside a decision of the Civil Service Commission and reinstating Francis Martinis as a police officer of the town of Framingham "without loss of compensation." The quoted phrase is from G. L. c. 31, § 44, as appearing in St. 1978, c. 393, § 11, and the major question which the parties present to us is whether those words extend to pay for special details which Martinis could have expected to earn during the period of his discharge.

---

[1] Francis Martinis.

At a hearing in the trial court, evidence was received concerning the amounts of special detail pay which police officers in Framingham earned and the consistency with which they earned it. The judge calculated the percentage of Martinis's aggregate gross pay which special detail pay constituted during the eighteen months before his discharge and, by applying that percentage to the pay due Martinis during his period of discharge, ordered that $17,159.20 be included in the damages to be paid by the town. A special detail is work done by police officers, during their off-duty hours, on behalf of private citizens; for example, directing traffic at the entrance to a shopping center or keeping traffic and people in order at a night club. The town bills the person who orders the detail and disburses the money collected to the officer.[2]

We are of opinion that G. L. c. 31, § 44, when it requires that "[i]f the court reverses the decision of the commission, the petitioner shall be reinstated in his position without loss of compensation" does not impose an obligation upon towns to pay more than the compensation fixed pursuant to G. L. c. 41, § 97 or § 97A. Such compensation, set in advance, cannot take into account earnings which are speculative because the need for the extra services is uncertain, as is the willingness of any individual police officer to perform them. A public officer has no implied right to compensation. The statute or ordinance fixing the compensation is the foundation of the right. *Driscoll* v. *Medford,* 328 Mass. 360, 362-363 (1952). Compare *Police Commr. of Boston* v. *Boston,* 279 Mass. 577, 581 (1932). Although G. L. c. 41, § 111H, prescribes that police officers shall be paid for work beyond regular hours (for certain assigned tasks), that statute, by its terms, pertains only to officers required to do the extra service. Without the issue of amounts in excess of regular salary having been raised, it was assumed in *McKenna* v. *Commr. of Mental Health,* 347 Mass. 674, 675 (1964), and in *Police Commr. of Boston* v. *Ciccolo,*

---

[2] See *Yates* v. *Salem,* 342 Mass. 460 (1961).

356 Mass. 555, 556 (1969), that the phrase "without loss of compensation" meant the salary of the claimant.[3]

In *Kardas* v. *Selectmen of Dedham,* 8 Mass. App. Ct. 184, 192 (1979), we held that career incentive pay ought not be included in "'the highest annual rate of compensation' of . . . a permanent, full-time police officer or patrolman" for purposes of calculating what was to be paid to a police chief. See G. L. c. 48, § 57G. In doing so we emphasized that career incentive pay was not uniformly paid to all officers but was available only to those who had taken courses which furthered so much of their education as was related to their police work. *Kardas, supra* at 192. Pay for detail work has the same characteristic; it is not something to which police officers have a vested right at the beginning of the year. A condition attaches, namely, the doing of the extra work. Some officers may choose to do more detail work, some less, as their varying predilections and circumstances dictate.

In a case which also involved what components of a compensation package a police officer could recover upon restoration to duty, a Colorado court suggested that the guiding principle was whether the benefit was tied to actual rendition of services, "rather than merely being on the payroll." *Smith* v. *Denver,* 39 Colo. App. 421, 427 (1977). If rendition of services such as overtime duty and special details earns the benefit, then the benefit is recoverable only if the work is done. So, in the instant case, Martinis may not recover for detail duty he never served; he may (and did) recover health insurance coverage to which he was entitled just by being on the payroll. Compare *Hebbler* v. *New Orleans Fire Dept.,* 310 So. 2d 113, 114-115 (La. 1975), where firefighters were entitled to certain supplemental pay as an automatic incident of employment. See

---

[3] Those cases considered the obligation of a police officer to mitigate damages by trying to find other work during the period of suspension and held that there was such an obligation.

*Doten* v. *Brockton,* 328 Mass. 563, 565-566 (1952), treating overtime as a separate component of compensation.

A subsidiary issue is whether Martinis is entitled to interest on his recovery. The question is controlled by *Lexington* v. *Bedford,* 378 Mass. 562, 575-576 (1979), which held that interest was payable in analogous circumstances. Contrast *Broadhurst* v. *Director of the Div. of Employment Security,* 373 Mass. 720, 726-727 (1977).

The judgment is reversed, and a new judgment shall be computed and entered consistent with this opinion.

*So ordered.*