OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
The State seeks an order dismissing the claim for failure to state a cause of action. (CPLR 3211, subd [a], par 7.)
The claimant served as a County Court Judge for the County of Tompkins from January 1,1971 to December 31, 1980. After his term of office had expired, he was requested to settle a record on appeal with respect to a proceeding that was had before him while he was in office. Authority for such request is found in section 7-a of the Judiciary Law. It is alleged that he expended some 35 hours in the performance of this service and now seeks to be paid for the same.
The question presented is whether a former County Court Judge may be compensated for services required of him pursuant to section 7-a of the Judiciary Law, after his term of office has expired.
*98 Public policy, embodied in the State Constitution, statute, and the common law, prohibits a public officer from being compensated for his services unless there is statutory authority to do so. (See NY Const, art VI, § 25; Public Officers Law, § 67; Schaefer v City of Long Beach, 271 NY 81; Matter of Willett v Devoy, 163 App Div 553.) No contractual right to compensation exists, either express or implied. (Fitzsimmons v City of Brooklyn, 102 NY 536; Nichols v MacLean, 101 NY 526; 48 NY Jur, Public Officers and Employees, §§ 196, 197.)
Section 7-a of the Judiciary Law makes no mention of compensation. The only provisions that relate to the payment of a salary to a Judge of County Court are found in sections 220 and 221-d of the Judiciary Law. The sections provide for the payment of án annual salary during the Judge’s term of office. No provision is made to compensate him for services that may be required subsequent to the expiration of his term.
What remains to be determined is whether the right to compensation may be implied. The applicable rule of construction is that where it appears from the language of a statute and the circumstances surrounding its enactment that the Legislature has specified the cases to which it applies, then its failure to specify a particular case indicates that it was not intended that the statute cover such a case. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 74, and cases cited therein.) This is precisely the situation here, where the Legislature has expressly provided for the payment of an annual salary to a Judge of the County Court during his term of office, but has failed to provide for any payment thereafter. The only reasonable implication to be drawn is that such an omission was intentional and that the Legislature did not intend that the Judge be compensated subsequent to the expiration of his term.
Finally, the Legislature’s failure to provide compensation does not violate the equal protection clause of either the State Constitution (NY Const, art I, § 11), or the Federal Constitution (US Const, 14th Arndt). The right to equal protection of the law guarantees that all persons similarly situated will be treated the same. (Hartford Co. v Harrison, 301 US 459; People v Beakes Dairy Co., 222 NY *99 416.) Equal protection of the law, however, does not require equality of treatment where there is a reasonable and material difference between the classes of persons in question. (Rinaldi v Yeager, 384 US 305; Graham v West Virginia, 224 US 616.) In the present case, the services performed pursuant to section 7-a of the Judiciary Law are limited in scope and constitute only a small intrusion into the time of the Judge recalled. In contrast, a full-time Judge exercises power and authority far beyond that authorized by section 7-a of the Judiciary Law. Hence, a material difference exists between the classes involved, here and any disparity of treatment is justified.
In sum, this claim must be dismissed. Accordingly, it is ordered, that the defendant’s motion to dismiss Claim No. 65610 is hereby granted and the claim is dismissed.