819 So.2d 915 (2002)
METRO-DADE FIRE RESCUE SERVICE BOARD n/k/a Miami-Dade Fire Rescue Service Board on its behalf and as governing body of the Miami Dade Fire Rescue District, Appellant,
v.
METROPOLITAN DADE COUNTY n/k/a Miami-Dade County, Appellee.
No. 3D02-486.
District Court of Appeal of Florida, Third District.
June 19, 2002.
Neil Flaxman, Coral Gables, for appellant.
Robert A. Ginsburg, Miami Dade County Attorney and Lee Kraftchick, Miami-Dade Assistant County Attorney, for appellee.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.
PER CURIAM.
This is an appeal from the following judgment with which we completely agree:
ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This matter came before the Court on January 8, 2002, for hearing on the Plaintiff's Motion for Summary Judgment and the Defendant's Cross Motion for Summary Judgment. The Court, having considered *916 the motions, the arguments of counsel and the entire file herein hereby denies the Plaintiffs Motion and Grants the Defendant's Motion. The reasons for the Court's ruling are set forth below.

UNDISPUTED FACTS
The Plaintiff Fire Board was created in 1986 by an amendment to the Dade County Charter to govern the Dade County Fire and Rescue Service District. At the time it was created, the Board was to consist of five elected officials. The Charter amendment makes no provision for the payment of any salary or other compensation to Fire Board members.
In Metro-Dade Fire Rescue Service District v. Metropolitan Dade County, 616 So.2d 966, 971 (Fla.1993), the Florida Supreme Court ruled that the Fire Board was the governing body of the Fire District, but that the County retained legislative authority over the District. In that case, the Fire Board challenged, among other things, the County's decision to deny compensation to Fire Board members. The Supreme Court upheld that portion of the Fire Board ordinance that denied compensation, but struck other provisions on the grounds that they infringed upon the Board's authority under the 1986 Charter amendment to act as the Fire District's governing body. The Supreme Court explained that the provision of the ordinance requiring Fire Board members to serve without compensation was lawful because the County Commission retained the power to adopt a district budget, which necessarily includes the more limited authority to determine whether Fire Board members are entitled to compensation:
The Fire Board did not challenge the validity of § 18-28 [giving the County Commission the authority to adopt the District's budget], but did challenge § 18-27(e), the power of the Commission to budget expenses for the Fire Board's members. Therefore, we presume that the Fire Board did not perceive that the Commission's power to adopt the District's budget, which is far broader than providing for the expenses of the Fire Board's members, interfere with the Fire Board's right to govern. Consequently, on the record before us the Fire Board did not establish in its motion for summary judgment that § 18-27(e) is invalid.
Id.
Having declared portions of the County ordinance concerning the Fire Board invalid and other parts valid, the Supreme Court directed the parties to start with a "clean slate" and to "resolve this matter by implementing a new ordinance consistent with the 1986 Amendment to the Charter."
Such an ordinance was adopted in 1996 and amended in 1998. County Ordinance Nos. 96-28 and 98-115. With respect to compensation, the ordinance currently provides:
Sec. 2-181. Established; Fire Chief; Appointment, Term, Compensation; Organization; Employees.
A Miami-Dade County Fire Department is hereby established. The head of this department shall be the Fire Chief appointed by the Miami-Dade Fire Board in accordance with § 18-29(b) of the Code. The organization and operating procedures of the department shall be described in the administrative orders and regulations of the Manager and the Miami-Dade Fire Board. The Manager shall, in accordance with the Code and Personnel Rules, appoint such employees and other personnel as may be necessary to operate the department, except that the Fire Chief shall appoint the department's command staff and the Fire Board shall appoint its immediate staff. The salaries, compensation and *917 benefits of those employees appointed by the Chief or the Fire Board shall be fixed by the Fire Board upon recommendation of the Fire Chief. The salaries, compensation and benefits of all employees within the classified service shall be fixed by the County Commission upon recommendation of the Manager.
As this language indicates, the ordinance authorizes the Fire Board to fix the salary, compensation and benefits of employees appointed by the Board or the Fire Chief, authorizes the County Commission to fix the salaries, compensation and benefits of all employees in the classified service, but does not authorize the payment of any salary, compensation or benefits to the Fire Board members.
With respect to the District's budget, the ordinance currently provides:
Sec. 18-31. District Budget and Finance.
The District shall establish a fiscal year which coincides with that of Miami Dade County, and the County shall provide funds for the District pursuant to the official County budget. For each fiscal year, the District shall timely submit to the Board of County Commissioners a District budget request pertaining to operating and capital expenditures, which request shall not be implemented until approved by the Board of County Commissioners.
The District budget request shall be prepared on official County budget forms in a format prescribed by the County Manager, shall be reviewed in a manner similar to that in which requests of other County departments are reviewed and shall be incorporated in the proposed budget and timely submitted to the Commission each year. Nothing contained herein shall be construed to prohibit the District from submitting to the Commission supplemental budget requests, which, if approved by the Commission, shall constitute amendments to the official County budget.
* * *
(c) General Financial Provisions.

The County shall convey to the District all accounts receivable pertaining to the District, and the District shall be subject to, assume the liability for, and be authorized to pay all accounts payable pertaining to the District. The District shall have the authority to establish necessary banking accounts in its own name and to make cash disbursements. The Fire Board shall operate the District pursuant to the approved budget and shall not be permitted to make any changes in the budget which would affect the level of service in any County Commission district without first obtaining the approval of the Board of County Commissioners. The Fire Board's changes to the budget shall be limited by the District's total budget and may not encumber future year revenues unless approved by the County Manager. The County or any of its representatives shall not have the authority to commit the District to any expenses not budgeted, including, but not limited to, in-kind services and audits, without first obtaining the approval of the Fire Board.
Section 18-37 of the Code imposes additional limitations on the powers of the Fire Board:
Sec. 18-37. Limitation on Powers of the Governing Body.
The governing body of the District shall have only the powers and authority to bind the District and shall have no power or authority to commit the County government to any policies or to incur any financial obligation or to create any liability on the part of the County. No actions or recommendations of the Fire *918 Board shall be binding upon the County unless approved and adopted by the Dade County Commission.
On January 28, 1999, the Fire Board submitted a resolution to the County Commission approving the payment of fees for a personnel audit, but only on the condition that the Fire Board members themselves begin receiving a salary and other compensation. On February 18, 1999, the County Commission passed a motion approving the payment of fees for the personnel audit, but rejecting the Fire Board's request for payment of salary and benefits to the Fire Board members. In accordance with County Code § 18-31(c), the County Commission amended the Fire Board's budget to include the required payments.
The Fire Board initially challenged both the County Commission's decision to deny them a salary and its decision to require payment for the personnel audit. At the hearing of January 8, 2001, however, the Fire Board withdrew its claim regarding the payment for the audit, leaving the only issue to be decided as whether the County lawfully rejected the Fire Board's resolution giving its members a salary.

DISCUSSION
The Fire Board acknowledges that there is nothing in the existing ordinance that grants them a salary, benefits or any other compensation for their services. The "ordinance is silent as to the compensation of benefits of Fire Board members."[1]Plaintiff's Memorandum at 8. The Fire Board argues, however, that by virtue of their status as the governing body of the Fire District, they have the power to authorize the payment of salary and other compensation to themselves. According to the Board, they have the authority to pay themselves any compensation they desire, so long as the compensation is "within the budgetary constraints set by the [County] Commission," does "not encumber future funds of the County," and does not reduce the services provided by the District. Plaintiff's Memorandum at 11. Within these broad limitations, the Fire Board contends that it has unfettered authority to pay its members any compensation they desire, although to date they seek only a salary of $4,000 per year.
It is well established that public officials are not entitled to any compensation for their services except for what is specifically authorized by law. Public officers cannot obtain compensation simply by voting themselves a salary. As the Florida Supreme Court stated over seventy years ago:
Public officers have no claim for official services rendered, except when, and to the extent that, compensation is provided by law, and when no compensation is so provided, rendition of such services is deemed to be gratuitous.
Rawls v. State ex rel. Nolan, 98 Fla. 103, 122 So. 222 (Fla.1929). This same language has been repeatedly quoted with approval by the Florida Supreme Court and lower courts throughout the state. See, e.g., Gavagan v. Marshall, 160 Fla. 154, 33 So.2d 862, 864 (1948); State ex rel. Landis v. Reardon, 114 Fla. 755, 154 So. 868, 871 (1934); Pridgeon v. Folsom, 181 So.2d 222, 226 (Fla. 1st DCA 1966); City of Homestead v. DeWitt, 126 So.2d 582, 584 (Fla. 3d DCA 1961); Florida Attorney General Opinions Nos. 85-53; 67-44; 79-8; 75-250; 51-160; 53-188.
*919 The Florida rule against payment of compensation to public officials absent express legal authority is consistent with the law throughout the rest of the country. See, e.g., Barrett v. Stanislaus County Employees Retirement Association, 189 Cal.App.3d 1593, 234 Cal.Rptr. 900 (1987); Dean v. State, 111 Misc.2d 97, 443 N.Y.S.2d 581 (1981); Board of Selectmen of Framingham v. Municipal Court of Boston, 11 Mass.App.Ct. 659, 418 N.E.2d 640 (1981); Murphy v. State Department of Licensing, 28 Wash.App. 620, 625 P.2d 732 (1981). As each of these various cases makes clear, statutes relating to the compensation of public officers are to be strictly construed in favor of the government and such officers are entitled only to those payments that are clearly given by law. See, e.g., Murphy. Employees are not entitled to any payment by mere implication. See, e.g., Board of Selectmen of Framingham.
The Fire Board nevertheless argues that its members should be entitled to compensation because the County ordinance does not specifically deny them the right to such payments. The Fire Board members cannot obtain compensation by the absence of language stating that they are not entitled to such language. The law requires just the opposite: before any compensation can be paid, there must be specific legal authorization for it. There is no authorization in the County Charter amendment creating the Board or the ordinance outlining its powers and authority.
If there were any doubt as to whether the County Commission has the authority to deny the Fire Board members a salary or other compensation, it was eliminated by the Supreme Court's decision in the first Fire Board case. In that case, the Fire Board conceded that the County continues to have control over the Fire district's budget. As the Florida Supreme Court explained, it follows that the County must also have the much lesser authority to determine whether Fire Board members should be compensated for their services. 616 So.2d 971.
Absent express authorization by ordinance or statute, the Fire Board members have no right to compensation. Only the County Commission or the electorate have the authority by ordinance to provide the Fire Board members' compensation.
Accordingly, the Plaintiff's motion for summary judgment must be denied and the Defendant's cross motion granted. Judgment shall be entered for the Defendant in accordance with this order.
DONE AND ORDERED in Chambers at Miami, Miami Dade County, Florida, this 15th day of January, 2002.
NOTES
[1] By comparison, § 1.07 of the Dade County Charter expressly provides that Dade County Commissioners shall receive a yearly salary of $6,000.