Dear Mr. Ruvin:
As Miami-Dade Clerk of Courts, you have asked for my opinion on substantially the following question:
 Does section 28.241(1)(c), Florida Statutes, authorize the clerk to charge the $295.00 filing fee for counterpetitions?
Section 28.241, Florida Statutes, which provides filing fees for trial and appellate proceedings, was amended by Chapter 2008-111, Florida Statutes, effective
July 1, 2008.[1] The changes made to subsections (1) and (2) of the statute provide for increases in the amount of filing fees for civil actions in circuit court.[2]
Section 28.241(1)(a), Florida Statutes, as amended by section 8, Chapter 2008-111, Laws of Florida, provides that "[t]he party instituting any civil action, suit, or proceeding in the circuit court shall pay to the clerk of that court a filing fee of up to $295 in all cases in which there are not more than five defendants and an additional filing fee of up to $2.50 for each defendant in excess of five." The statute goes on to require the clerk to remit specified amounts from this filing fee to the Department of Revenue for deposit in various funds: the General Revenue Fund; the Financial Services' Administrative Trust Fund; the state courts' Mediation and Arbitration Trust Fund; the Clerks of the Court Trust Fund; the Court Education Trust Fund; and the Department of Financial Services Administrative Trust Fund for clerk education.[3] Additional filing fees may be collected for certain other proceedings and postal charges incurred by the clerk in making service by certified or registered mail shall be paid by the party requiring service. The statute provides that "[n]o additional fees, charges, or costs shall be added to the filing fees imposed under this section, except as authorized herein or by general law."
You have specifically asked whether section 28.241(1)(c), Florida Statutes, which was created by Chapter 2008-111, Laws of Florida, would allow you to collect a filing fee for counterpetitions. The statute provides:
 "(c) Any party other than a party described in paragraph (a) who files a pleading in an original civil action in circuit court for affirmative relief by cross-claim, counterclaim, or third-party complaint shall pay the clerk of court a fee of $295. The clerk shall remit the fee to the Department of Revenue for deposit into the General Revenue Fund."
Counterpetitions are not listed as one of the pleadings in an original civil action for affirmative relief within the scope of (c) and nothing in the legislative history relating to Chapter 2008-111, Laws of Florida, indicates that the Legislature considered this issue.
It is the general rule that public officers, such as the clerk of the circuit court, have no legal claim for official services rendered, except when, and to the extent that, compensation is provided by law; when no compensation is provided, the rendition of such service is deemed to be gratuitous.[4] The right to fees collected by an officer depends on statute and fee statutes are to be strictly construed.[5]
Thus, in the absence of a provision of law authorizing the clerk to collect a fee for counterpetitions filed pursuant to section 28.241(1)(c), Florida Statutes, the clerk is prohibited from charging such a fee.
From my review of the Florida Family Law Rules of Procedure, to which you have drawn my attention, it appears that counterpetitions are most frequently filed as a component of a responsive pleading as is the case with Form 12.903(c)(1), Answer to Petition and Counterpetition forDissolution of Marriage With Dependent or Minor Child(ren) and Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternityand for Related Relief. Thus, the party instituting the action in which these pleadings are subsequently filed by another has been subjected to the filing fee requirement imposed pursuant to section 28.241(1)(a), Florida Statutes.[6] Section 28.241(1)(b), Florida Statutes, specifically provides that a party is exempt from paying the filing fee for responsive pleadings. As subsection (c) recognizes, the filing fee must be paid by the party "who files a pleading in an original civil action" and a counterpetition filed as part of a responsive pleading would not appear to constitute an original civil action as contemplated by the statute, but would be more in the nature of an ancillary or auxiliary pleading.[7]
In sum, while this matter is not free from doubt, in light of the distinction drawn between counterpetitions and other pleadings and the general rule that public officers have no legal claim for services except to the extent that compensation is provided by law, this office cannot advise the clerk that he or she is authorized to charge the $295.00 filing fee set forth in section 28.241(1)(c), Florida Statutes, as amended by section 8, Chapter 2008-111, Laws of Florida, for filing counterpetitions. To the extent that this may represent a legislative oversight, the clerks of court may wish to work with the Legislature to draft amendatory language that would address the imposition of this fee.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See ss. 8 and 48, Ch. 08-111 (2008), Laws of Fla.
[2] See Title, Ch. 08-111 (2008), Laws of Fla.
[3] Section 28.241(1)(a), Fla. Stat., as amended by s. 8, Ch. 08-111 (2008), Laws of Fla.
[4] See, e.g., Rawls v. State ex rel. Nolan, 122 So. 222 (Fla. 1929);Gavagan v. Marshall, 33 So.2d 862 (Fla. 1948); Metro-Dade Fire RescueService Board v. Metropolitan Dade County, 819 So.2d 915 (Fla. 3d DCA 2002).
[5] Bradford v. Stoutamire, 38 So. 2d 684 (Fla. 1948); Ops. Att'y Gen. Fla. 85-53 (1985), 86-76 (1986), 81-58 (1981). See also s. 5(c), Art. II, State Const., which expressly provides that the "powers, duties, compensation and method of payment of state and county officers shall be fixed by law;" Alachua County v. Powers, 351 So.2d 32 (Fla. 1977).
[6] Compare s. 28.241(1)(c), Fla. Stat., which requires that the filing fee must be paid by "[t]he party instituting any civil action, suit, or proceeding in the circuit court for affirmative relief by cross-claim, counterclaim, or third-party complaint[.]"
[7] Cf. Rule 1.110(b), Florida Rules of Civil Procedure, setting forth general rules of pleading for claims for relief, and Rule 1.290, discussing depositions before action or pending appeal and describing petitions used in such proceedings to perpetuate testimony as not a separate civil action but as ancillary or auxiliary in nature.