NICKELL, JUDGE:
*302 Brent Wasson appeals from a Warren Circuit Court order upholding Kentucky State Police (KSP) Commissioner Rodney Brewer's decision to transfer Wasson from injured status to limited duty pursuant to KRS 1 16.165(2). Wasson asserts the decision was arbitrary, unsupported by substantial evidence, and made without affording him procedural due process. Following a careful review, we affirm.
In 1999, Wasson, a KSP Trooper, was shot multiple times in the line of duty and thereafter placed on injured status. KSP requires officers on injured status to submit annual reports from their physician(s) updating the Commissioner on the status of their physical condition. In accordance with this requirement, work status/treatment update forms were completed by Wasson's physician, Dr. Joseph E. Kutz, and submitted to the Commissioner. Forms completed and submitted by Dr. Kutz in 2010 and 2011 indicated Wasson may return to alternative duty with restrictions. In March 2012, the Commissioner informed Wasson of his decision to return Wasson to limited duty effective April 15, 2012. The Commissioner's letter included Dr. Kutz's restrictions and information on how to appeal the decision.
Pursuant to KRS 16.165(2), Wasson appealed the Commissioner's decision to the Warren Circuit Court. Wasson asserted the Commissioner's decision was arbitrary, unsupported by substantial evidence, and made without affording him procedural due process in the form of a hearing.
After a three-day bench trial, post-trial briefs were filed. In his post-trial brief, Wasson urged the trial court to conduct de novo review of the Commissioner's decision due to the absence of any findings of fact. The trial court affirmed the Commissioner's decision. This appeal followed. Wasson raises the same issues on appeal.
The standard of review, when addressing an appeal from an administrative decision, "is limited to determining whether the decision was erroneous as a matter of law." McNutt Construction v. Scott , 40 S.W.3d 854, 861 (Ky. 2001). Kentucky Courts have long held that "judicial review of administrative action is concerned with the question of arbitrariness .... Unless action taken by an administrative agency is supported by substantial evidence it is arbitrary." American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission , 379 S.W.2d 450, 456 (Ky. 1964) (emphasis in original).
Bd. of Comm'rs of City of Danville v. Davis , 238 S.W.3d 132, 135 (Ky. App. 2007). Arbitrariness arises when an agency: (1) exceeds granted powers, (2) fails to afford procedural due process, or, (3) makes a determination unsupported by substantial evidence. Hilltop Basic Resources, Inc. v. County of Boone , 180 S.W.3d 464, 467 (Ky. 2005) (citing American Beauty Homes , 379 S.W.2d at 456 ).
A reviewing court may not substitute its own judgment on a factual issue "unless the agency's decision is arbitrary and capricious." McManus v. Kentucky Retirement Systems , 124 S.W.3d 454, 458 (Ky. App. 2003). Once a reviewing court has determined an agency's decision is supported by substantial evidence, the court must then determine if the agency applied the correct rule of law to the factual findings in making its determination. If so, the agency's final order is upheld.
*303 Bowling v. Natural Resources and Environmental Protection Cabinet , 891 S.W.2d 406, 410 (Ky. App. 1994). However, matters of statutory construction and interpretation are matters of law subject to de novo review. Halls Hardwood Floor Co. v. Stapleton , 16 S.W.3d 327, 330 (Ky. App. 2000).
KRS 16.165 states, in relevant part:
Any Department of Kentucky State Police officer, as defined in KRS 16.010, who becomes disabled after July 1, 1977, as a direct result of an injury or disease arising out of the performance of a hazardous duty in the course of employment with the department may elect to be retained on the regular payroll of the department subject to the following:
....
(2) The officer shall be assigned by the commissioner of the Department of Kentucky State Police to a position in the department for which the officer is qualified, if the commissioner determines, based upon medical reports and recommendations submitted for that purpose, that the officer is able to perform limited duties. If it is determined that the officer is able to perform limited duties and refuses to accept an assignment from the commissioner, the officer shall not be eligible for the payment of compensation authorized by this section. If the commissioner determines that the officer is unable to perform limited duties, the officer shall be eligible for the payment of compensation authorized by this section without the performance of limited duties. Any officer adversely affected or aggrieved by a final determination of the commissioner pursuant to this section may appeal within thirty (30) days to the local Circuit Court[.]
Pursuant to this statute, the Commissioner is expressly authorized to assign an injured officer to limited duty based on "medical reports." From the record, it appears this is precisely what happened. Therefore, we find KSP did not exceed its granted powers.
Wasson argues the procedural due process requirements mentioned in Chapter 13B should have been followed. However, KRS 13B.020 states "[t]he provisions of this chapter shall not apply to: (a) Investigations, hearings to determine probable cause, or any other type of information gathering or fact finding activities[.]" The Commissioner's decision falls squarely within this exception as a fact-finding investigation and is, therefore, not subject to the provisions of Chapter 13B.
Procedural due process by an administrative body generally includes: "a hearing, the taking and weighing of evidence if such is offered, a finding of fact based upon a consideration of the evidence, the making of an order supported by substantial evidence, and, where the party's constitutional rights are involved, a judicial review of the administrative action." Morris v. City of Catlettsburg , 437 S.W.2d 753, 755 (Ky. 1969) (citing Kentucky Alcoholic Beverage Control Board v. Jacobs , 269 S.W.2d 189 (Ky. 1954) ). However, under KRS 16.165, no prior notice or hearing is required. KRS 16.165 neither mandates nor prohibits a hearing prior to the Commissioner's removing an officer from injured status and placing him on limited duty. KRS 16.165 does not appear to contemplate a hearing at all. KRS 16.165 does, however, provide for an appeal to circuit court as judicial review.
The facts and issues in this case present a unique situation regarding injured KSP troopers. It is not replicated elsewhere in Kentucky State Government. Thus, different rules apply.
This is an issue of first impression. Little case law exists for similar issues in other states. One case we deem instructive occurred in Florida where a disabled police officer sought a mandatory injunction requiring *304 the City of Homestead to restore him to payroll. City of Homestead v. De Witt , 126 So.2d 582, 584 (Fla. Dist. Ct. App. 1961). No notice or hearing was given to DeWitt prior to the determination to remove him from Homestead's payroll. The decision and authority to remove DeWitt from the payroll were creatures of Homestead's governing Charter-much like the KSP Commissioner's decision and authority in this case were created by KRS 16.165. De Witt held:
it cannot be successfully contended that the city is legally bound to maintain a disabled policeman indefinitely upon the payroll because said officer was injured in [the] line of duty. The fact that the city has, upon occasions, retained certain employees on the payroll over a period of time covering a disability is not sufficient to create a legal and enforceable obligation to continue the plaintiff indefinitely. Cf. City of Oldsmar v. Monnier , Fla. 1951, 56 So.2d 527. Therefore, the chancellor was in error, both upon his finding that the plaintiff was entitled to be restored to the payroll and upon his finding that the city was indebted to the employee in the amount of $13,516.
Id. at 584. We believe the same logic applies in the instant case. The Commissioner's generosity in choosing not to remove Wasson from injured status sooner was a benevolent gratuity, not a right.
In this case, annual updates were submitted by Wasson's physician. Finding of facts based upon a consideration of the updates, and an order supported by substantial evidence, were embodied in the Commissioner's letter to Wasson. Substantial evidence is "that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person." Bowling , 891 S.W.2d at 409. We find the medical updates, individually and collectively, carry sufficient probative value to reasonably justify the Commissioner's returning Wasson to limited duty.
Because the elements of procedural due process required under KRS 16.165 -submission of medical reports, consideration of medical reports, making of decision based on medical reports, and judicial review of the administrative decision, if requested-have been accomplished, we find procedural due process was sufficiently afforded. These requirements differ from KRS 13B, which does not apply in the instant case.
Wasson also argues the Commissioner made no findings supported by substantial evidence to which the trial court could defer. We disagree.
In weighing evidence, "the trier of facts is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses appearing before it." Id. at 409-10. The Commissioner's letter to Wasson containing his decision detailed his findings based upon the medical updates from Wasson's physician and included language quoted directly from those updates. There is no doubt the medical updates provided by Dr. Kutz qualify as substantial evidence. Nor is there any doubt the Commissioner used those records to craft his findings of fact and reach his determination.
Wasson asserts de novo review by this Court must result in a different outcome. We disagree. The Commissioner's actions are expressly authorized by KRS 16.165 and supported by substantial and unrefuted medical evidence.
For the foregoing reasons, the judgment of the Warren Circuit Court is affirmed.
ALL CONCUR.