RENDERED:  MAY 14, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0732-MR

NECCO, LLC.                                                                         APPELLANT


APPEAL FROM HARDIN CIRCUIT COURT
v.         HONORABLE KEN M. HOWARD, JUDGE
ACTION NO. 18-CI-01172


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Necco, LLC ("Appellant") appeals from an order of

the Hardin Circuit Court affirming two citations issued by the Commonwealth of

Kentucky, Cabinet for Health and Family Services ("Appellee").  Appellant argues

that the citations were not supported by substantial evidence and that Appellant did

not receive the procedural due process to which it was entitled.  For the reasons addressed below, we find no error and affirm the order of the Hardin Circuit Court.

## FACTS AND PROCEDURAL HISTORY

Appellant is a child-placing agency licensed by the Commonwealth of Kentucky.  Appellee regulates child-placing agencies in the Commonwealth.  On March 7, 2018, Appellant placed three minor children into foster care at the home of Billy and Travis Embry-Martin.  On May 8, 2018, one of the children, "H.P.",[1] was taken to the emergency room at Hardin Memorial Hospital and then transferred to Kosair Hospital in Louisville, Kentucky with a head injury sustained while in the care of Billy Embry-Martin.  H.P. died of the injury on May 10, 2017.[2]

Appellee conducted an investigation into H.P.'s death and an audit beginning on May 15, 2017.  The audit resulted in a Statement of Deficiencies being issued against Appellant for three regulatory citations, namely C2761, C3271, and C3791.  Pursuant to Kentucky Revised Statutes ("KRS") 199.670(4), an informal dispute resolution proceeding was conducted resulting in the citations being upheld.  A second level informal dispute resolution proceeding was held on

---

[1] We will use the child's initials because he was a minor.

[2] Billy Embry-Martin claimed that H.P. sustained the injury when he fell off a bench in the kitchen.  Though not part of the appellate record, we take judicial notice that Billy Embry-Martin was charged with murder in the death of H.P.  In 2019, a Hardin County jury found him not guilty of the charge.

June 7, 2018, which rescinded citation C2761 and upheld the remaining two citations.

Pursuant to KRS 199.670(5), Appellant appealed the Statement of Deficiencies to the Hardin Circuit Court. On February 4, 2020, the circuit court entered an order sustaining the Statement of Deficiencies. In support of the order, the court determined that the record contained substantial evidence sufficient to support the regulatory citations. As to the first citation, which alleged that Billy Embry-Martin failed to comply with the general supervision and direction of the child-placing agency directing the foster parent to maintain a safe environment, the court cited evidence that Mr. Embry-Martin did not provide H.P. with a safe environment. On the second citation, the court found substantial evidence that Appellant failed to provide a required exception allowing more than four children to be placed in the foster home. Having found substantial evidence to support the citations, the circuit court dismissed the appeal and remanded the matter to Appellee for further proceedings. As to Appellant's arguments that the record was incomplete and that Appellant failed to receive procedural due process, the court determined that these arguments "simply do not rise to the level of impacting this appellate review of a regulatory agency's notice of deficiencies to licensee." Appellant's subsequent motion to alter, amend, or vacate, and motion for a rehearing or new trial were denied. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant first argues that the Hardin Circuit Court erred in finding that citations C3271 and C3791 were supported by substantial evidence. In its final order, Appellee found that Appellant violated 922 Kentucky Administrative Regulation ("KAR") 1:310 § 8(4) by placing five foster children in the Embry-Martin home without obtaining an exception from the Cabinet (citation C3271). Appellant argues that it substantially complied with this regulatory provision because Appellee was aware of the composition of the Embry-Martin home, as well as the number of children who would be living there, before approving the residence. Appellant asserts that it substantially complied with 922 KAR 1:310 § 8(4) by providing the information to Appellee, which then approved the residence.

In addressing this issue, the Hardin Circuit Court noted that its role was to determine if substantial evidence in the record supports the Statement of Deficiencies issued by Appellee. *See Wasson v. Kentucky State Police*, 542 S.W.3d 300, 302 (Ky. App. 2018). It found that both parties acknowledged 922 KAR 1:310 § 8(4) requires that an exception be obtained by Appellant in order to place more than four children in a foster home. It further found that both parties acknowledged that no exception was sought or granted. The court noted that § 8(5) provides that "a child-placing agency *shall* follow the procedure set forth in § 6(b) of this administrative regulation" to request such an exception. (Emphasis

added).  As compliance is mandatory, and because the parties agree there was no compliance, the circuit court found substantial evidence sufficient to support the issuance of the citation.

We find no error in this conclusion.  The record contains substantial evidence to support Appellee's action, and the Hardin Circuit Court properly so found.  Nothing in the record or the law supports the conclusion that Appellee's apparent knowledge of the number of children residing at the Embry-Martin home, taken alone, satisfies the regulatory scheme.  Rather, the "shall follow the procedure" language of § 8(5) is clear and unambiguous, and requires an exception to be issued in advance of placement.  The Hardin Circuit Court properly so concluded, and we find no error.

As to citation C3791, Appellant asserts that the evidence supporting the citation does not satisfy the definition of substantial evidence recognized under Kentucky law.  922 KAR 1:310 § 12(17) provides that an approved foster parent shall "[c]omply with general supervision and direction of the child-placing agency, or, if applicable, the state agency that has custody of the child, concerning the care of the child placed by the child-placing agency."  Appellant argues that Appellee's final order as to citation C3791, and the basis for sustaining that citation as found by the Hardin Circuit Court, was the fact that Billy Embry-Martin was charged with the murder of H.P., and that Billy Embry-Martin did not provide a safe

environment as required by the regulatory scheme.  Appellant argues that though the death of H.P. is obviously tragic, Appellant was improperly cited for the failure, if any, of Billy Embry-Martin to follow the policies and training provided by Appellant.  Appellant also contends that it provided ample proof that it trained Billy Embry-Martin, thus satisfying its regulatory obligation.  The substance of its argument on this issue is that no evidence was adduced that Appellant could have done anything to prevent the injury and death of H.P.  As such, it argues that the Hardin Circuit Court erred in sustaining citation C3791.

We must first note that contrary to Appellant's assertion, the Hardin Circuit Court expressly stated that it did not rely on the criminal charge against Billy Embry-Martin, nor the outcome of that criminal proceeding, as a basis for sustaining Appellee's action as to citation C3791.  Rather, the circuit court found that Appellant "argues facts in its brief that are not contained in the record of this appeal.  The disposition of the criminal charges against the foster parent did not occur during the administrative review of the Statement of Deficiencies and are thus not part of the appeal record."  Instead, the circuit court cited the extensive record resulting from the investigation which followed H.P.'s death, including the statements of Billy and Travis Embry-Martin, medical providers, and law enforcement.  Those voluminous records included the Kentucky State Medical Examiner's Office finding of "inflicted closed head injury" by Dr. Amy

Burroughs-Beckham; the Jefferson County Coroner's Office classification of H.P.'s death as a "homicide"; and a detailed evaluation by Dr. Melissa L. Curry, medical director of Kosair Charities Division of Pediatric Forensic Medicine, agreeing with the medical examiner's finding of "inflicted closed head injury" and expressing "GRAVE concern for the safety of any young child in environment in which H.P.'s fatal injuries occurred[.]" (Emphasis in original.)

The circuit court determined that the testimony and the medical record constituted substantial evidence to support citation C3791, *i.e.*, that the Embry-Martins failed to provide a safe environment for H.P. As another panel of this Court previously noted,

> While we are sympathetic to Necco's plight, 922 KAR 1:310 § 12(17) does not require the agency to be on notice. It sanctions the agency when the foster parents act contrary to agency policies, which the Manleys did. This breach by the Manleys was corroborated by several witness statements and admissions by the Manleys themselves. Therefore, we must affirm the circuit court's ruling regarding Citation C3791.

*Necco, LLC v. Cabinet for Health and Family Services*, No. 2018-CA-0103-MR, 2020 WL 2611148, 3 (Ky. App. May 22, 2020). We find no error.

Lastly, Appellant argues that the Hardin Circuit Court erred in finding that Appellant was afforded procedural due process. It asserts that a deprivation of its right to due process occurred because it was not allowed to confront or cross-examine any witnesses that were interviewed by Appellee.

The circuit court summarily dismissed Appellant's argument on this issue. We will note, however, that the statutory scheme addressing dispute resolution between a child-placing agency and Appellee is expressly held to be "informal," KRS 199.670, and the record reveals that Appellant received each element of the statutory process. Appellant requested informal dispute resolution, specified the deficiencies in dispute, and provided supportive documentation. Additionally, Appellant met with the Secretary's designee pursuant to KRS 199.670(4)(b)(2), was given notice of both informal dispute resolution proceedings, and had counsel present at these proceedings. We find no basis for concluding that Appellant was denied procedural due process.

## CONCLUSION

The Hardin Circuit Court properly concluded that citations C3271 and C3791 were supported by substantial evidence of record and that Appellant was not denied procedural due process. Accordingly, we affirm the order of the Hardin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David F. Broderick
Brandon T. Murley
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Lucas Roberts
Cabinet for Health and Family
Services
Frankfort, Kentucky